IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case no. 12-cv-557-wmc |
| ) | |
| MICHAEL E. NAGEL; ASSOCIATED BANK; ) | |
| BANK OF AMERICA, N.A.; MARSHFIELD ) | |
| CLINIC; ERIN CAPITAL MANAGEMENT, ) | |
| LLC; and WISCONSIN DEPARTMENT OF ) | |
| WORKFORCE DEVELOPMENT, ) | |
| ) | |
| Defendants. ) | |

## DEFAULT JUDGMENT AGAINST DEFENDANTS
## BANK OF AMERICA, N.A., MARSHFIELD CLINIC,
## AND WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT

This matter is presented for decision on the United States' Motion for Default Judgment Against Defendants Bank of America, N.A., Marshfield Clinic, and Wisconsin Department of Workforce Development (Doc. no. 27.) The Court, upon examining the files and pleadings herein, finds as follows:

1. The complaint in this action was filed on August 7, 2012. The United States is seeking to foreclose federal tax liens on certain real property described in the complaint. The Court has subject matter jurisdiction and jurisdiction over the parties to this action.

2. Defendants Bank of America and Wisconsin Department of Workforce Development were properly served with a summons and complaint. (Doc. no. 11.) Defendant Marshfield Clinic was served with the complaint and executed a waiver of service of a summons. (Doc. no. 4.)

3. No answer or other defense has been filed by any of these three defendants, and the time within which they may respond to the complaint has expired.

4. The Clerk of Court entered default Marshfield Clinic on November 1, 2012 (doc. no. 20), and against Bank of America and Wisconsin Department of Workforce Development on November 7 (doc. no. 21).

5. These three defendants are in default and the United States is entitled to judgment in its favor against them.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the United States is granted judgment against defendants Bank of America, N.A., Marshfield Clinic, and Wisconsin Department of Workforce Development, and as a consequence of that judgment these defendant have no rights, claims, or interest that is senior to that of the other parties in this action in the real property located at 336 River Street, Eagle River, Wisconsin, and which is more particularly described as:

> A parcel of land in Government Lot 6, Section 28, Township 40 North, Range 10 East of the Fourth Principal Meridian, in the Village (now City) of Eagle River, Vilas County, Wisconsin, more particularly described as follows:
>
> Commencing at a point where the line between Lots 6 and 7, Block 1, Tambling's Addition to the City of Eagle River, intersects the East side of River Street; thence across River Street on the same variation as the line between said Lots 6 and 7, to the West side of River Street; thence in a Northerly direction along the West side of River Street a distance of 10 feet; thence Northwesterly at a right angle with said River Street to the thread of the Eagle River as the PLACE OF BEGINNING; thence Southwesterly along the thread of said River 317 feet; thence Southeasterly at a right angle to said Northwest side of said River Street; thence Northeasterly along the Northwesterly right-of-way of River Street to a point where the extended South line of Lot 9, Block 1 of said Tambling's Addition intersects the Northwesterly right-of-way of River Street; thence Northwesterly along the extended South line of said Lot 9 to the thread of the Eagle River; thence Southwesterly along the thread of the Eagle River to the Point of Beginning.
> Excepting that part as described in Vol. 352 M/R, page 224.

Dated this 30th day of January, 2013.

WILLIAM M. CONLEY
Chief Judge, U.S. District Court

Entered this 31st day of January, 2013.

PETER OPPENEER
Clerk of Court

-3-